UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-61039-BLOOM/Otazo-Reyes**

ROBERT H. TALCOTT,

    Plaintiff,
v.

JEFFREY C. KUSCH,

    Defendant.
_____/

**ORDER DISMISSING CASE**

    **THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On June 2, 2023, Plaintiff filed a Complaint. ECF No. [1]. The Complaint alleges that Plaintiff Robert H. Talcott is an individual who resides in New York, New York, and that Defendant Jeffrey C. Kusch is an individual residing in Broward County, Florida. *Id.* ¶¶ 9, 10. The Complaint further alleges that this Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties, and the amount in controversy exceeds $75,000. *Id.* ¶ 11.

    The Court finds that the basis for its subject matter jurisdiction is not adequately pleaded. "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005). It should do so "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Once a federal court determines that it is without subject matter jurisdiction, "the court is powerless to continue." *Bochese*, 405 F.3d at 974-75; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Case No. 23-cv-61039-BLOOM/Otazo-Reyes

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[1] To properly allege the citizenship of an individual, "[r]esidence alone is not enough." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citations omitted). "Citizenship is equivalent to 'domicile' for the purposes of diversity jurisdiction . . . . And domicile requires both residence in state and 'an intention to remain there indefinitely[.]'" *Id.* (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)).

Here, the residences, but not the citizenships, of the parties are alleged. As a result, the allegations in the Complaint are insufficient to confer subject matter jurisdiction in this case under 28 U.S.C. 1332(a).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may refile an Amended Complaint that properly alleges subject matter jurisdiction by no later than June 19, 2023. The Clerk of Court is directed to **CLOSE** this case.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

Case No. 23-cv-61039-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 5, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record