UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-61039-BLOOM/Valle

ROBERT H. TALCOTT,

    Plaintiff,
v.

JEFFREY C. KUSCH,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S EXPEDITED MOTION

**THIS CAUSE** is before the Court upon Plaintiff's *Expedited* Motion to Extend Deadlines for Briefing on Defendant's Motion to Dismiss Until *After* the Motion to Stay the Case is Decided, ECF No. [34] ("Expedited Motion"). The Court ordered Defendant to file an expedited response to the Expedited Motion, ECF No. [35], which Defendant filed on September 15, 2023. ECF No. [36]. Plaintiff filed a Reply in further support of the Expedited Motion. ECF No. [37]. The Court has reviewed the Expedited Motion, all supporting and opposing submissions, the record in this case, and the relevant law. For the reasons that follow, the Expedited Motion is denied.

On September 6, 2023, Plaintiff filed an Unopposed Motion to Extend Time to Respond to Defendant's Motion to Dismiss, ECF No. [32], which the Court granted in a paperless order that same day, requiring Plaintiff to file a response to Defendant's Motion to Dismiss, ECF No. [26] ("Motion to Dismiss"), by September 25, 2023. In the Expedited Motion, Plaintiff argues that the Court should extend the time for Plaintiff to respond to the Motion to Dismiss because this action should be stayed pending litigation in a criminal case in France and because an extension of time would conserve the parties and the Court's resources. ECF No. [34] at 5-6.

"A district court may extend a deadline before the original time expires for 'good cause.'" *Hermann v. McFarland*, No. 22-10644, 2022 WL 4489427, at *4 (11th Cir. Sept. 28, 2022), *cert. denied*, 143 S. Ct. 2567 (2023). Although the Eleventh Circuit has not addressed the good cause

standard under Rule 6(b)(1)(A) in a published opinion, it has relied on the good cause standard in Rule 16(b)(4)—which concerns scheduling orders and precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension—in reviewing a district court's denial of a motion for extension of time. *Id.* (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)). The question is thus whether Plaintiff cannot meet the September 25, 2023 deadline to file a Response to the Motion to Dismiss despite the Plaintiff's diligence. Plaintiff does not address that question in his Expedited Motion. The Court has previously granted Plaintiff an extension of time to respond to the Motion to Dismiss, so it cannot discern a basis for finding that Plaintiff cannot respond to the Motion to Dismiss despite his diligence. It is within the Court's discretion to deny the Expedited Motion on that basis and the Court therefore declines to reach the parties' other arguments. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("District courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion. . . . This discretion is not wholly unfettered, . . . but it is and must be broad.") (internal citations omitted).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's *Expedited* Motion to Extend Deadlines for Briefing on Defendant's Motion to Dismiss Until *After* the Motion to Stay the Case is Decided, **ECF No. [34]**, is **DENIED**. Plaintiff shall file a response to the Motion to Dismiss, ECF No. [26], by **September 25, 2023.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 18, 2023.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record